PATRICK GILBERTIE ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF WILTON ET AL.
(8688)

DALY, O'CONNELL and CRETELLA, Js.

Argued September 25—decision released October 30, 1990

*Benjamin Gershberg,* for the appellants (defendants).
*Simon Sumberg,* for the appellee (plaintiff).

CRETELLA, J. The defendants[1] appeal from a reversal by the trial court of the defendant board's actions

---

[1] The defendants in this action are the Wilton zoning board of appeals and the Wilton town clerk.

sustaining, in part, a cease and desist order issued by the zoning enforcement officer of the town of Wilton. They claim that the trial court improperly found that the board's decision to uphold the cease and desist order was not supported by the evidence presented to it.

In 1968, the plaintiffs, husband and wife, constructed and occupied, as their principal residence, a house in the town of Wilton located in a one acre residential zone. At that time, the zoning regulations permitted them to conduct a plumbing repair and supply business from their residence, as they did continually until the present situation arose. During that period of time, plumbing supplies were regularly delivered to the residence via their driveway off of Salem Road and were stored in both the garage attached to the residence and a detached garage that had a separate driveway off of Grumman Hill Road. In 1972, the town's zoning regulations were amended to prohibit the delivery and storage of the stock in trade on the property.

The regulation in existence in 1968 allowed the business to be conducted from the residence, provided that it did not create any disturbance, fire or safety hazard, or noise. There was no evidence submitted to the board that during the period of time from 1968 to 1988 the plaintiffs were ever advised, cautioned or notified that the operation was creating any safety hazard or disturbance. Their first notice of any problem appears to have been in early 1988 when the plaintiffs were contacted by the zoning enforcement officer.

Following the issuance of the cease and desist order dated February 12, 1988, the plaintiffs appealed to the zoning board of appeals. After a public hearing was held, the board affirmed and denied various portions of that order. The only issue raised on this appeal is the order of the board prohibiting the delivery of supplies to the residence from the Salem Road driveway.

The board confirmed that the use of the residential property to conduct the plumbing business was permitted under the 1968 regulations. Both the board and the trial court concluded that, under the 1972 amended regulations, the plaintiff's operation became a nonconforming use. The issue before the trial court was whether the actions of the defendant board resulted in an improper restriction on continuing that nonconforming use. The trial court concluded that it did and we agree.

In order to support the board's finding and order, the board had to find that the operation being conducted on the plaintiffs' property in 1988 was materially changed from the type of operation conducted in 1968. The law relating to a nonconforming use protects the rights of a user to continue the same use of the property as existed prior to the adoption of the zoning regulations. *Helbig* v. *Zoning Commission,* 185 Conn. 294, 306, 440 A.2d 940 (1981). The simple fact that there is an increase in the amount of business does not equate to an illegal expansion of a nonconforming use. *Cummings* v. *Tripp,* 204 Conn. 67, 91–92, 527 A.2d 1230 (1987).

The defendants contend that by definition a nonconforming use is one that was both in existence at the time that the 1972 regulations were adopted and *lawful at that time.* This court does not take issue with that definition.

The defendants further argue that because the plaintiff's operation *may* have created a disturbance, noise or safety hazards in 1968, it was thus not being lawfully conducted at that time. Accordingly, the defendants contend that they can now impose restrictions on the nonconforming use to correct any deficiencies that may have existed in 1968 and that they claim exist at the present time. This argument is conjecture and without merit. Therefore, we reject it.

The trial court was correct in concluding that the evidence presented to the defendant board did not support the board's actions.

The judgment is affirmed.

In this opinion the other judges concurred.